UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPPE CHARLES BOUTTIER, | No. 1:26-cv-02204-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| WARDEN, CALIFORNIA CITY DETENTION FACILITY, | A# 216-124-079 |
| Respondents. | |

Petitioner Philippe Charles Bouttier is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 5.)  Respondents respond that "Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)."  (ECF No. 8 at 3.)  However, beyond facially asserting that Petitioner is

1

subject to mandatory detention, Respondents have not met their burden to show that mandatory detention is required under any provision within section 1226(c). Respondents do not cite a specific subsection of section 1226(c) or otherwise identify the basis for mandatory detention besides stating that "[d]etention is mandatory based on Petitioner's criminal convictions and as he poses a danger to the community." (*Id.*)  The records provided by Respondents show that the most recent criminal charge predates Petitioner's release by an Immigration Judge.  (*See* ECF No, 8 at 18–19.)  Respondents' plain statement that Petitioner is subject to mandatory detention thus fails to adequately justify application of section 1226(c).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Philippe Charles Bouttier from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3